### MAKELA v. AZALEA HOMES, Inc., et al.

Industrial Commission.

May 6, 1954.

Stuart B. Warren, St. Petersburg, for claimant.

Barton, Saltsman & Enwright, St. Petersburg, for employer and insurance carrier.

BY THE COMMISSION.

This cause came on to be heard upon application for review of an order by a deputy commissioner, as amended, which awarded compensation.

The deputy's original order was entered and mailed on September 15, 1953. Subsequently, and before the 20 day limitation period for review had expired, he entered an amended order which was mailed on October 5, 1953. This amended order apparently corrected typographical errors and errors in computation contained in the original order.

The application for review was filed within 20 days of the mailing of the amended order but more than 20 days from the date of mailing the original order. A motion to dismiss the application has been filed on the ground that it was not timely filed.

The deputy certifies to the commission that the appellant's attorney was informed approximately one week after the entry of the original order that an amended order would be entered but was not advised what errors would be corrected or what the amended order would contain. In view of these facts and in view of the fact that the appellant did notify the deputy commissioner of his intention to appeal, the commission believes justice will be served by a consideration of the merits of the cause.

On November 6, 1951 claimant was injured when struck by a motorcycle. He suffered lacerations of the head, concussion and sprain of the ankle. We have been informed he was paid compensation until December 11, 1951, when he received his last payment of compensation. This compensation was paid voluntarily without an award having been entered. He returned to work in December 1951, and worked for different employers until September 1952.

During this period subsequent to the accident he testified he suffered from dizziness, headaches and from his injured leg. There is substantial competent evidence in the record to support a finding that in September 1952, he suffered from involutional depression or conversion hysteria which was the result of the accident of November 1951, and also to support a finding that he was entitled to temporary total disability benefits until the date of the hearing and until he reached maximum recovery.

The employer contends that section 440.28 (as it was worded on the date of the accident) bars the claim—as it was not filed within one year after the date of the last payment of compensation. It is our opinion that the claim does not come within this section but

is within the provisions of section 440.19(1), which provides—"The right to compensation for disability ... shall be barred unless a claim therefor is filed within two years after the time of injury ... except that if payment of compensation has been made without an award on account of such injury ... a claim may be filed within two years after the date of the last payment."

Section 440.28 becomes applicable when there has been a change in condition or mistake of fact. The evidence supports the contention that claimant's condition had been present more or less since the accident of November 1951—which manifested itself in September of 1952. It is our opinion that there was no change of condition, that the one year limitation period in section 440.28 is not controlling in this type of situation, but that claimant had two years to file an original claim under section 440.19. Since the last payment of compensation was made in December 1951, and the original claim was filed in June 1953, the applicable limitation period had not run and the claim was not barred. The deputy commissioner's order is affirmed; and it is further ordered that the employer, by and through its carrier, pay claimant's attorney the sum of $290, which is a reasonable fee for representing claimant in this cause before this commission.